United States v. Kessler

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of December, two thousand sixteen.

PRESENT: RALPH K. WINTER, JR.,
DENNIS JACOBS,
JOSÉ A. CABRANES,
           Circuit Judges,

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
    Appellee,

    -v.-                         15-3997

RICKY KESSLER,
    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -X


FOR APPELLANT:          FLORIAN MIEDEL, Miedel & Mysliwiec, LLP, New York, New York.

FOR APPELLEE:           IAN C. RICHARDSON, for Robert L. Capers, United States Attorney

for the Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Ricky Kessler appeals from the judgment of the United States District Court for the Eastern District of New York (Irizzary, C.J.) imposing a ten-month sentence after his plea to a violation of his conditions of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because the district court's within-Guidelines sentence was neither procedurally nor substantively unreasonable.

Kessler did not preserve his procedural objections to the sentence, and we therefore review them for plain error. United States v. Aldeen, 792 F.3d 247, 253 (2d Cir. 2015), as amended (July 22, 2015). Kessler's first procedural objection is that the district court failed to adequately explain the reasons for his sentence. Although the district court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. §

2

3553(c), it need not individually walk through all the sentencing factors of § 3553(a).  United States v. Villafuerte, 502 F.3d 204, 210 (2d Cir. 2007).  "Where, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal."  United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012).  The district court acknowledged its need to consider the § 3553(a) factors and explained the reason for its sentence in detail.  There was no plain error.

Second, Kessler argues that the district court sentenced him under the mistaken belief that he had failed to seek employment.  Even if the district court was wrong to blame Kessler for failing to seek employment (and it is not clear that it was), that mistake was only a small part of the sentencing colloquy, and Kessler did not object to it at the time.  It is not an error that "seriously affected the fairness, integrity, or public reputation of the judicial proceedings," and it is therefore not a plain error that requires resentencing.  Villafuerte 502 F.3d at 209 (internal quotations omitted).

Third, Kessler argues that the district court sentenced him under the mistaken belief that he owed restitution.  However, Kessler advised the district court of this mistake

3

before the imposition of the sentence, and the district court thanked him for the correction.  This too is not plain error.

As to the length of the sentence, Kessler argues that his within-Guidelines sentence of ten months was "so shockingly high . . . or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice."  Aldeen, 792 F.3d at 255 (internal quotations omitted).  Kessler's sentence was well "within the range of permissible decisions" and was therefore substantively reasonable.  Id.

For the foregoing reasons, and finding no merit in Kessler's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                      FOR THE COURT:
                                      CATHERINE O'HAGAN WOLFE, CLERK